**Suwy LEO, Petitioner,**

v.

**Michael B. MUKASEY,\* Attorney General, Respondent.**

No. 06–71741.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 3, 2007.\*\*

Filed Dec. 10, 2007.

Albert C. Lum, Esq., Law Office of Albert C. Lum, Las Vegas, NV, for Petitioner.

CAC–District, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mark C. Walters, Esq., Thomas Fatouros, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

MEMORANDUM \*\*\*

Suwy Leo, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") order denying her motion to reopen to adjust status. To the extent we have jurisdiction, it is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *de Martinez v. Ashcroft,* 374 F.3d 759, 761 (9th Cir.2004). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Leo's motion to reopen as untimely. *See* 8 C.F.R. § 1003.2(c)(2) (motions to reopen must generally be filed within ninety days of the final agency decision). We reject Leo's due process claim because she has not shown error. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) ("To prevail on a due process challenge … [a petitioner] must show error and substantial prejudice.").

We lack jurisdiction to review Leo's contention that the filing deadline should have been equitably tolled, because she failed to raise this argument before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (holding that exhaustion is mandatory and jurisdictional).

**PETITION FOR REVIEW DENIED in part and DISMISSED in part.**

---

\* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.